IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE WADE ET AL., | : | No. 3:21-cv-00924-JAM |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| BOARD OF TRUSTEES, | : | |
| *Defendant*. | : | JULY 30, 2021 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Defendant, the University of Connecticut Board of Trustees ("UConn"), submits this memorandum of law in support of its motion to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. Rule 12 (b) (1) for lack of subject matter jurisdiction. As set forth below, this lawsuit is barred in its entirety by the Eleventh Amendment. Second, all three Plaintiffs lack standing to challenge UConn's COVID-19 vaccination requirements because they have either obtained exemptions from the vaccination requirements, or never sought an exemption. Either way, none of them have standing to sue.

Accordingly, the Complaint must be dismissed.

### I.     BACKGROUND

#### A.     UConn's Vaccination Policy

In response to the COVID-19 pandemic, on June 4, 2021, UConn approved a policy ("Policy") that required all incoming and returning students to be vaccinated against COVID-19 prior to returning to campus for the fall, 2020 semester. Daugherty Decl., ¶ 3 and Exhibit A.[1] To comply with the Policy, students must either submit proof of their vaccination or obtain an

---

[1] The Policy is available online at https://policy.uconn.edu/2021/06/04/covid-19-immunization-record-requirement-for-students/.

1

exemption. Id., ¶ 4. The Policy explains that students may obtain medical or non-medical exemptions by submitting the appropriate form through an online portal, and contains hyperlinks to the medical and non-medical exemption request forms so that students may easily access and submit them. Id., ¶ 5 and Exhibit A.

### B. Plaintiffs' Lawsuit

The Plaintiffs filed this lawsuit challenging the legality of the Policy on July 6, 2021. Doc. 1. The Plaintiffs allege that imposing mandatory vaccinations as a condition for attending UConn violates their Fourteenth Amendment procedural due process (count one) and substantive due process (count two) rights; violates federal and state laws that require individuals to give their informed consent before receiving vaccines that have been authorized for emergency use (count three); and violates 42 U.S.C. § 1983 (count four).

### C. All Three Plaintiffs Have Either Obtained An Exemption Or Never Sought One

As noted, the Policy permits students to obtain both medical and non-medical exemptions from the vaccination requirements. Daugherty Decl., ¶ 3 and Exhibit A. Eleanor Daugherty, the Dean of Students and Associate Vice President of Student Affairs at UConn, is responsible for adjudicating requests for non-medical exemptions.[2] Id., ¶¶ 1, 7. Ms. Daugherty considers a number of factors in deciding whether to grant or deny such requests, id., ¶ 7, but has been them extremely frequently. Of the 771 requests Ms. Daugherty has received (as of July 23, 2021), she has granted 504 of them, and has not yet granted or denied the remaining requests, which remain pending. Id., ¶ 9.

---

[2]Requests for medical exemptions are reviewed and determined by medical providers. Daugherty Decl., ¶ 6.

Plaintiff Nicole Wade is a current UConn student returning for the fall, 2021 semester. Compl., ¶ 1. To date, Plaintiff Wade has not submitted a request for a medical or non-medical exemption, or submitted proof that she has been vaccinated. Daugherty Decl., ¶ 10.

Plaintiff Amy DiSalvatore has filed suit on behalf of her minor son, who will be an incoming freshman at UConn in fall, 2021. Compl., ¶ 2. Plaintiff DiSalvatore requested a non-medical exemption for her son June 15, 2021. Daugherty Decl., ¶ 11 and Exhibit B. Ms. Daugherty granted the request, and notified Ms. DiSalvatore of that fact on July 23, 2021. Id.

Plaintiff Dylan Barkasy is a current UConn student returning for the fall, 2021 semester. Compl., ¶ 3. He requested a non-medical exemption on July 3, 2021. Daugherty Decl., ¶ 12 and Exhibit C. Ms. Daugherty granted the request, and notified Ms. Barkasy of that fact on July 23, 2021. Id.

## II.     ARGUMENT

### A.     The Eleventh Amendment Bars This Case In Its Entirety

The Eleventh Amendment bars suit against the states in federal court. Papasan v. Allain, 478 U.S. 265, 276 (1986). That immunity extends to any "state entity that is an 'arm of the State' . . . ." Deposit Ins. Agency v. Superintendent of Banks (In re Deposit Ins. Agency), 482 F.3d 612, 617 (2d Cir. 2007) (internal quotation marks and citations omitted). The only way a plaintiff can overcome the Eleventh Amendment bar is if: (1) Congress has abrogated the state's immunity; (2) the state has voluntarily waived its immunity; or (3) the suit falls within Ex Parte Young because it seeks prospective injunctive relief against state officials in their official capacities for ongoing violations of federal law. Id. Eleventh Amendment immunity "affects . . . subject matter jurisdiction." Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993); see also Williams v. Marinelli, 987 F.3d 188, 196 (2d Cir. 2021).

3

In this case, the Plaintiffs have sued the UConn Board of Trustees, which is an "arm of the state" that is entitled to Eleventh Amendment immunity.  See e.g. Thurmand v. Univ. of Conn., No. 3:18-CV-1140 (JCH), 2019 U.S. Dist. LEXIS 67690, at *10-11 (D. Conn. Apr. 22, 2019); Radolf v. Univ. of Conn., 364 F. Supp. 2d 204, 209 (D. Conn. 2005); see also e.g. Brown v. W. Conn. State Univ., 204 F. Supp. 2d 355, 361 (D. Conn. 2002) (collecting cases holding that Boards of Trustees for Connecticut state universities are entitled to Eleventh Amendment immunity).  The Plaintiffs cite no legal authority by which Congress has abrogated the State's immunity for any of their claims, or by which the State has voluntarily waived its immunity.[3]  Ex Parte Young also does not apply because the Board is a state "entity," not a "state official." Gaby v. Bd. of Trs., 348 F.3d 62, 63 (2d Cir. 2003); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Ex Parte Young "has no application in suits against the States and their agencies") (internal quotation marks omitted).  The Eleventh Amendment therefore bars this case in its entirety.

In addition, to the extent the Plaintiffs ask this Court to enjoin the Policy on the ground that UConn exceeded its statutory authority under Conn. Gen. Stat. §§ 10a-104 or 19a-131 (or any other state law for that matter), see Compl., Count 3; Pl. Br. (Doc. 3), pp. 14-16, those claims are all barred by the Eleventh Amendment for the additional reason that federal courts lack authority to declare that state entities/officials have violated state law.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); see also Raygor v. Regents of Univ. of Minnesota, 534 U.S. 533, 541–42 (2002) (holding that the supplemental jurisdiction statute does not "authorize district courts to exercise jurisdiction over claims against nonconsenting States");

---

[3] Although the Plaintiffs have challenged the Policy in part through § 1983, it is well settled that that statute does not abrogate states' Eleventh Amendment immunity.  See e.g. Quern v. Jordan, 440 U.S. 332, 341 (1979) (rejecting argument that "Congress intended . . . § 1983 to override the traditional sovereign immunity of the states").

Dennehy v. Soto, 2018 WL 4936003, at *2 (D. Conn. Oct. 11, 2018) (Shea, J.) (holding that it is well-established that "a federal court may not sit in judgment of whether a State or a State official has complied with its own law").

## B. The Plaintiffs Lack Standing

"Three elements comprise the irreducible constitutional minimum' of standing: the individual initiating the suit must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." United States v. Smith, 945 F.3d 729, 736 (2d Cir. 2019) (quotation marks omitted). None of the three Plaintiffs satisfy these requirements.

Plaintiffs DiSalvatore and Barkasy lack standing because they have both obtained exemptions from the vaccination requirements. Daugherty Decl., ¶¶ 11-12. Accordingly, they have not, and will not, suffer the alleged injury that they complain of. The only injury they identify in their Complaint is the fact that they have to either submit to a COVID-19 vaccine or leave UConn. Compl., ¶¶ 9, 40, 44-45. And the legal challenges they raise to the Policy are specific to mandatory vaccination.[4] These Plaintiffs, however, have invoked the exemption process provided by the Policy, obtained non-medical exemptions, and are thus able to attend

---

[4]Having received exemptions, Plaintiffs DiSalvatore (her son) and Barkasy may be subject to other health and safety measures that vaccinated students are not subject to, such as mask-wearing and quarantine requirements. See Exhibit A. The Plaintiffs, however, do not challenge the legality of those other safety measures or allege that they would suffer any harm from them. Therefore, their potential subjection to these additional measures is not an injury-in-fact that provides them with Article III standing. And even if it were, the Plaintiffs have not pleaded any claim alleging that such measures would themselves be illegal or sought relief that would preclude UConn from implementing them in the future if the Policy were invalidated. Any purported injury based on those additional health and safety measures therefore would not be redressed by the relief Plaintiffs seek, and cannot be the basis for conferring standing in this case.

UConn without getting vaccinated. Because they have not suffered—and will not suffer—the only alleged injury they complain of, they lack standing.[5]

Plaintiff Wade likewise lacks standing. Although she currently remains subject to the vaccination requirement, that is only because she has deliberately chosen not to invoke the exemption process that the other Plaintiffs—and hundreds of other students—have invoked. Plaintiff Wade has provided no explanation for why she has not sought an exemption, nor has she presented evidence or argument that the exemption process was unavailable to her. Nor could she make such an argument. The exemption process was open to all students, and the Policy instructs students about how to seek exemptions and provides hyperlinks to the health and non-health exemption request forms so that students can readily access and submit them. Daugherty Decl., ¶ 5 and Exhibit A. Plaintiff Wade needed only to submit a brief exemption request form through the online portal in order to seek an exemption. Id. Indeed, UConn has been frequently granting requests for non-health exemptions, as demonstrated by the fact that Ms. Daugherty has granted 504 of the 711 such requests she has received, with the remaining requests remaining pending (she has not yet granted or denied them). Id., ¶ 9.

In other words, Plaintiff Wade very likely would have received an exemption had she requested one. She cannot manufacture standing by refusing to submit to the administrative exemption process that would have eliminated the very harm she now complains of. See e.g. United States v. Decastro, 682 F.3d 160, 164 (2d Cir. 2012) (noting that "a plaintiff must submit" to a policy in order to challenge it, and holding that a plaintiff who had never applied for allegedly unconstitutional gun-licensing permit lacked standing to challenge the licensing laws);

---

[5] Alternatively, Plaintiffs Disalvatore's and Barkasy's receipt of exemptions renders their claims moot. E.g., Beechwood Restorative Care Ctr. v. Thompson, 494 F. Supp. 2d 181, 188 (W.D.N.Y. 2007) (claim becomes moot when plaintiff receives relief sought through non-judicial means).

Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1161 (8th Cir. 2008) ("if a plaintiff is required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition"); id. at 1163 (plaintiffs may not "deliberately fail[] to request [the relief they seek] in an attempt to create a case or controversy for the overriding purpose of challenging the constitutionality of [a policy]"); McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1037 (8th Cir. 2004) ("[t]o the extent the Schoolchildren challenge the . . . application process under the new exemption, their claims . . . involve no concrete injury—no Schoolchildren have applied for nor been denied exemption[s] under the new statute"); Freedom from Religion Found., Inc. v. Lew, 773 F.3d 815, 821 (7th Cir. 2014) (plaintiffs lacked standing where they had not sought or been denied an exemption); Burnett v. Okla. Dep't of Corr., No. CIV-16-609-M, 2017 U.S. Dist. LEXIS 148306, at *12-13 (W.D. Okla. June 22, 2017) (holding that inmate lacked standing to challenge prison's policy on religious accommodations for meals because he failed to invoke the process for obtaining a religious accommodation).

### III.    CONCLUSION

For the foregoing reasons, UConn respectfully request that the Plaintiffs' Complaint be dismissed for lack of subject matter jurisdiction.

DEFENDANT,
UNIVERSITY OF CONNECTICUT
BOARD OF TRUSTEES

WILLIAM TONG
ATTORNEY GENERAL

BY: /s/ Timothy J. Holzman
Timothy J. Holzman (ct30420)
Mary Lenehan (ct15436)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel.: (860) 808-5210
Fax: (860) 808-5385
Timothy.Holzman@ct.gov
Mary.Lenehan@ct.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 30, 2021, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    */s/ Timothy J. Holzman*
                                                    Assistant Attorney General