

**User Name:** Mary Lenehan
**Date and Time:** Thursday, August 5, 2021 12:01:00 PM EDT
**Job Number:** 149977343

## Document (1)

1. *Klaassen v. Trs. of Ind. Univ., 2021 U.S. App. LEXIS 22785*

   **Client/Matter:** -None-
   **Search Terms:** klaassen indiana trustees
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

LexisNexis | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2021 LexisNexis

Mary Lenehan



Neutral
As of: August 5, 2021 4:01 PM Z

# Klaassen v. Trs. of Ind. Univ.

United States Court of Appeals for the Seventh Circuit

August 2, 2021, Decided

No. 21-2326

**Reporter**
2021 U.S. App. LEXIS 22785 *; __ F.4th __

RYAN **KLAASSEN**, et al., Plaintiffs-Appellants, v. **TRUSTEES** OF **INDIANA** UNIVERSITY, Defendant-Appellee.

**Prior History:** [*1] Appeal from the United States District Court for the Northern District of **Indiana**, Fort Wayne Division. No. 1:21-CV-238 DRL — Damon R. Leichty, Judge.

*Klaassen v. Trs. of Ind. Univ.*, 2021 U.S. Dist. LEXIS 133300, 2021 WL 3073926 (N.D. **Ind.**, July 18, 2021)

## Core Terms

vaccination, conditions, injunction, religious, disease, Exempt, attend, tested, masks, safe, higher education, pending appeal, read and write, decisions, surrender, reasons, adult, exams, wear

**Counsel:** For RYAN **KLAASSEN**, JAIME CARINI, ASHLEE MORRIS, D. J. B., next friend DANIEL G BAUMGARTNER, SETH CROWDER, MACEY POLICKA, MARGARET ROTH, NATALIE SPERAZZA, Plaintiffs - Appellants: James Bopp Jr., Esq., Attorney, Richard Eugene Coleson, Attorney, Courtney Turner Milbank, Attorney, Melena Siebert, Attorney, BOPP LAW FIRM, PC, Terre Haute, **IN**.

For **TRUSTEES** OF **INDIANA** UNIVERSITY, Defendant - Appellee: Anne K. Ricchiuto, Attorney, Stephanie L. Gutwein, Attorney, Brian James Paul, Attorney, FAEGRE DRINKER BIDDLE & REATH LLP, Indianapolis, **IN**.

**Judges:** Before EASTERBROOK, SCUDDER, and KIRSCH, Circuit Judges.

**Opinion by:** EASTERBROOK

## Opinion

EASTERBROOK, *Circuit Judge*. Starting next semester, all students at **Indiana** University must be vaccinated against COVID-19 unless they are exempt for religious or medical reasons. Exempt students must wear masks and be tested for the disease twice a week. Eight students contend **in** this suit that these conditions of attendance violate the Due Process Clause of the Constitution's Fourteenth Amendment. The district court denied plaintiffs' request for a preliminary injunction, 2021 U.S. Dist. Lexis 133300 (N.D. **Ind.** July 18, 2021), and they ask us to issue [*2] an injunction pending appeal.

Given *Jacobson v. Massachusetts*, 197 U.S. 11, 25 S. Ct. 358, 49 L. Ed. 643 (1905), which holds that a state may require all members of the public to be vaccinated against smallpox, there can't be a constitutional problem with vaccination against SARS-CoV-2. Plaintiffs assert that the rational-basis standard used **in** *Jacobson* does not offer enough protection for their interests and that courts should not be as deferential to the decisions of public bodies as *Jacobson* was, but a court of appeals must apply the law established by the Supreme Court.

Plaintiffs invoke substantive due process. Under *Washington v. Glucksberg*, 521 U.S. 702, 720-22, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997), and other decisions, such an argument depends on the existence of a fundamental right ingrained **in** the American legal tradition. Yet *Jacobson*, which sustained a criminal conviction for refusing to be vaccinated, shows that plaintiffs lack such a right. To the contrary, vaccination requirements, like other public-health measures, have been common **in** this nation.

And this case is easier than *Jacobson* for the University, for two reasons.

First, *Jacobson* sustained a vaccination requirement that lacked exceptions for adults. See 197 U.S. at 30.

But *Indiana* University has exceptions for persons who declare vaccination incompatible with their religious beliefs **[*3]** and persons for whom vaccination is medically contraindicated. The problems that may arise when a state refuses to make accommodations therefore are not present *in* this case. Indeed, six of the eight plaintiffs have claimed the religious exception, and a seventh is eligible for it. These plaintiffs just need to wear masks and be tested, requirements that are not constitutionally problematic. (The eighth plaintiff does not qualify for an exemption, which is why we have a justiciable controversy.)

Second, *Indiana* does not require every adult member of the public to be vaccinated, as Massachusetts did *in Jacobson*. Vaccination is instead a condition of attending *Indiana* University. People who do not want to be vaccinated may go elsewhere. Many universities require vaccination against SARS-CoV-2, but many others do not. Plaintiffs have ample educational opportunities.

Each university may decide what is necessary to keep other students safe *in* a congregate setting. Health exams and vaccinations against other diseases (measles, mumps, rubella, diphtheria, tetanus, pertussis, varicella, meningitis, influenza, and more) are common requirements of higher education. Vaccination protects not only **[*4]** the vaccinated persons but also those who come *in* contact with them, and at a university close contact is inevitable.

We assume with plaintiffs that they have a right *in* bodily integrity. They also have a right to hold property. Yet they or their parents must surrender property to attend *Indiana* University. Undergraduates must part with at least $11,000 a year (*in*-state tuition), even though *Indiana* could not summarily confiscate that sum from all residents of college age.

Other conditions of enrollment are normal and proper. The *First Amendment* means that a state cannot tell anyone what to read or write, but a state university may demand that students read things they prefer not to read and write things they prefer not to write. A student must read what a professor assigns, even if the student deems the books heretical, and must write exams or essays as required. See, e.g., *Fleischfresser v. Directors of School District 200, 15 F.3d 680, 687 (7th Cir. 1994)*; *Wood v. Arnold, 915 F.3d 308 (4th Cir. 2019)*; *Smith v. Board of School Commissioners, 827 F.2d 684 (11th Cir. 1987)*. A student told to analyze the role of nihilism *in* Dostoevsky's *The Possessed* but who submits an essay about Iago's motivations *in Othello* will flunk.

If conditions of higher education may include surrendering property and following instructions about what to read and write, it is hard to see a greater problem with medical **[*5]** conditions that help all students remain safe when learning. A university will have trouble operating when each student fears that everyone else may be spreading disease. Few people want to return to remote education—and we do not think that the Constitution forces the distance-learning approach on a university that believes vaccination (or masks and frequent testing of the unvaccinated) will make *in*-person operations safe enough.

The motion for an injunction pending appeal is denied.

---

**End of Document**